IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Malikie Innovations Ltd.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 2:24-cv-00178** | |
| § | | |
| § | | |
| **ASUSTeK Computer Inc.,** § | **JURY TRIAL DEMANDED** | |
| § | | |
| Defendant. § | | |
| § | | |
| § | | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Malikie Innovations Limited ("Plaintiff" or "Malikie"), by and through its undersigned counsel, brings this complaint for patent infringement and damages against Defendant ASUSTeK Computer Inc. ("Asus" or "Defendant") and would respectfully show the Court as follows:

**PARTIES**

1. Malikie is the successor-in-interest to a substantial patent portfolio created by Blackberry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliate companies (collectively, "Blackberry"). Malikie is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Malikie is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. On information and belief, Blackberry's U.S. corporate headquarters are located in Irving, Texas, at 5030 Riverside Drive, Irving, Texas, United States 75039. Blackberry also has an office in Austin, Texas.

2. On information and belief, Defendant is a corporation duly organized and existing under the laws of the Republic of China ("ROC" or "Taiwan") with a place of business at No. 15, Li-Te Road, Beitou District, Taipei City 112, Taiwan.

3. On information and belief, Defendant and/or its employees or officers direct and/or control the actions of its direct and indirect subsidiaries.  On information and belief, Defendant and/or its employees or officers direct and/or control the actions of these entities by, for example, inducing and contributing to the actions complained of herein.  Asus and its affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and/or using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular. One of its American affiliates is ASUS Computer International.

4. Asus and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

5. Asus and its affiliates regularly contract with customers regarding products made for or on behalf of those customers.

6. Asus and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

## PATENTS IN SUIT

7. Malikie is the assignee of and owns all right and title to U.S. Patent Nos. 7,956,581 (the "'581 Patent"); 8,334,847 (the "'847 Patent"); 9,179,147 (the "'147 Patent"); and 9,292,066 (the "'066 Patent") ("collectively, the "Asserted Patents").

8. The Asserted Patents were developed by inventors working for Blackberry. Blackberry developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to power management, power delivery, user interfaces, and digital video compression.

9. The '581 Patent, entitled "Rechargeable battery pack," was duly and lawfully issued on June 7, 2011. A true and correct copy of the '581 Patent is attached hereto as Exhibit 1.

10. The '581 Patent has been in full force and effect since its issuance. Malikie owns by assignment the entire right and title in and to the '581 Patent, including the right to seek damages for any infringement thereof.

11. The '847 Patent, entitled "System having user interface using object selection and gestures," was duly and lawfully issued on Dec. 18, 2012. A true and correct copy of the '847 Patent is attached hereto as Exhibit 2.

12. The '847 Patent has been in full force and effect since its issuance. Malikie owns by assignment the entire right and title in and to the '847 Patent, including the right to seek damages for any infringement thereof.

13. The '147 Patent, entitled "Soft decision and iterative video coding for MPEG and H.264," was duly and lawfully issued on November 3, 2015. A true and correct copy of the '147 Patent is attached hereto as Exhibit 3.

14. The '147 Patent has been in full force and effect since its issuance. Malikie owns by assignment the entire right and title in and to the '147 Patent, including the right to seek damages for any infringement thereof.

15. The '066 Patent, entitled "Configuring cable lines to provide data and power," was duly and lawfully issued on March 22, 2016. A true and correct copy of the '066 Patent is attached hereto as Exhibit 4.

16. The '066 Patent has been in full force and effect since its issuance. Malikie owns by assignment the entire right and title in and to the '066 Patent, including the right to seek damages for any infringement thereof.

## JURISDICTION AND VENUE

17. Malikie incorporates by reference paragraphs 1-16 herein.

18. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

19. This District has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to this action; transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas.

20. Malikie's causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed at this District and the State of Texas.

21. Defendant has infringed and continues to infringe the Asserted Patents within this District and the State of Texas by making, using, selling, licensing, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Defendant, directly and through

intermediaries, makes, uses, sells, licenses, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas.  Defendant regularly conducts and solicits business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

22. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*, the Texas Long Arm Statute.

23. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

24. Defendant is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States, and have committed acts of infringement in this district.

25. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, maintains a permanent and/or continuing presence within this District, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one.  Upon information and belief, Defendant has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

26. Defendant purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United States, and expects and intends that the accused products will be so sold in this District.  Defendant purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing that the accused products will be sold

in the United States, including Texas and in this District. Therefore, Defendant also facilitates the sale of the accused products in Texas.

27. In particular, Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes the Asserted Patents. Such steps by Defendant included, among other things, making or selling the accused products outside of the United States for importation into and/or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing their affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to import, sell, and/or offer to sell the accused products in an infringing manner.

28. Defendant utilizes established distribution channels to distribute, market, offer for sale, sell, service, and warrant infringing products directly to consumers and other users in the U.S., including providing links via its website to online stores, retailers, resellers, distributors, and solution partners offering such products and related services for sale. *See* https://promos.asus.com/us/where_to_buy/ (last visited March 7, 2024); https://www.asus.com/us/store/ (last visited March 7, 2024).  Such Asus products have been sold in retail stores, both brick and mortar and online, within this District and in Texas, including well-known and widely-used retailers including Amazon.com, BestBuy, Costco, Staples, Walmart, and more.

29. Defendant has authorized sellers and sales representatives that offer for sale and sell products pertinent to this Complaint throughout the State of Texas, including in this District and to consumers throughout this District, such as: Walmart Supercenter at 1701 East End

Boulevard North, Marshall, Texas 75670; and Best Buy at 422 West Loop 281, Suite 100, Longview, Texas 75605 and at 4210 St. Michael Dr., Texarkana, Texas 75503.

30. For example, Accused Product Asus Chromebook Flip CX5 was on sale and available for pickup at the Best Buy in Longview, Texas as of March 7, 2024. *See* Exhibit 5.

31. Based on Defendant's connections and relationship with these retailers and digital distribution platforms, Defendant knows that Texas is a termination point of its established distribution channels, including the online and brick and mortar stores offering Asus Products to users in Texas. For all of these reasons, venue is appropriate and convenient in this District.

32. Venue is further proper in this District over Defendant because it is a foreign corporation.

**FIRST CLAIM**

**(Infringement of the '581 Patent)**

33. Malikie re-alleges and incorporates herein by reference paragraphs 1-32 of its Complaint.

34. The '581 Patent is generally directed to systems and methods for operating a rechargeable battery pack including a first overvoltage/ overcurrent protection circuit and a second overtemperature protection circuit that independently cause one or more electronic switching devices to a non-conducting condition.

35. Defendant has been on notice of the '581 Patent and a specific factual basis for its infringement of the '581 Patent since at least the date of the present Complaint.

36. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 10 of the '581 Patent, by making, using, testing, selling, leasing,

7

licensing, offering for sale, and/or importing rechargeable battery backs and electronic devices containing the same that include a first overvoltage/overcurrent protection circuit and a second overtemperature protection circuit that independently cause one or more electronic switching devices to a non-conducting condition (excluding any products licensed under the '581 Patent). For example, Asus makes, uses, tests, operates, sells, licenses, offers for sale, and/or imports electronic devices such as the Asus Vivobook 14 M413DA with a Model C31N1911 rechargeable battery pack manufactured by Celxpert (Kunshan) Energy Co., Ltd. with a Texas Instruments BQ40Z555 Li-ion battery pack manager with a first overvoltage/overcurrent protection circuit and a second overtemperature protection circuit that independently cause one or more electronic switching devices to a non-conducting condition.  An exemplary claim chart concerning one way in which Asus infringes claim 10 of the '581 Patent is attached as Exhibit 6.

37. Defendant also indirectly infringes the '581 Patent under 35 U.S.C. § 271(b) and (c).

38. Defendant knowingly, intentionally actively aids, abets, and induces others to directly infringe at least claim 10 of the '581 Patent by, for example, selling, offering for sale, and encouraging customers to use electronic devices with infringing rechargeable battery packs.  *See* Exhibit 6.

39. Defendant contributes to the direct infringement of at least claim 10 of the '581 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '581 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendant provides, owns, operates, sells, offers to sell, leases, and/or imports infringing rechargeable battery packs and

electronic devices including the same (such as that shown in Exhibit 6) that are not a staple article of commerce and are incapable of substantial noninfringing use.

40. Defendant's infringement is willful in view of the above, and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## SECOND CLAIM

### (Infringement of the '847 Patent)

41. Malikie re-alleges and incorporates herein by reference paragraphs 1-40 of its Complaint.

42. The '847 Patent is generally directed to systems and methods for providing a user interface for controlling a display using an interface application to provide, in a multilayer display arrangement, a container with interface controls that are selectable based on the magnitude of the motion of a manipulation of the display.

43. Defendant has been on notice of the '847 Patent and a specific factual basis for its infringement of the '847 Patent since at least August 26, 2016. On information and belief, Defendant did not take any action to stop its infringement.

44. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 14 of the '847 Patent, by making, using, testing, selling, leasing, offering for sale, and/or importing hardware and/or software that enables selection of interface controls for a touchscreen display based on the motion magnitude of touch-based gestures (excluding any products licensed under the '847 Patent). An exemplary claim chart concerning one way in which Asus infringed claim 14 of the '847 Patent is attached as Exhibit 7.

45. Defendant also indirectly infringed, and continues to indirectly infringe, the '847 Patent under 35 U.S.C. § 271(b) and (c).

46. Defendant knowingly and intentionally actively aides, abets, and induces others to directly infringe at least claim 14 of the '847 Patent (such as its customers in this District and throughout the United States) by, for example, selling and offering access to (and encouraging use of) hardware and/or software that enables selection of interface controls for a touchscreen display based on the motion magnitude of touch-based gestures.  For instance, Asus advertises that Asus products support touch-based gestures that control the touch screen display differently depending on the magnitude of the motion of the gesture.  *See* Exhibit 7.

47. Defendant contributed to the direct infringement of at least claim 14 of the '847 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '847 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendant has provided, owned, operated, sold, offered to sell, leased, licensed, used, and/or imported, and continues to do so, various hardware and/or software that enables selection of interface controls for a touchscreen display based on the motion magnitude of touch-based gestures (such as that shown in Exhibit 7) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.

48. Defendant's infringement has been willful in view of the above, and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## THIRD CLAIM

**(Infringement of the '147 Patent)**

49. Malikie re-alleges and incorporates herein by reference paragraphs 1-48 of its Complaint.

50. The '147 Patent is generally directed to a method, apparatus, and non-transitory computer-readable medium for encoding video data using soft decision quantization and iterative encoding to provide the ability to optimize encoding across different functional elements in a hybrid video encoder.

51. Defendant has been on notice of the '147 Patent family since August 26, 2016. On information and belief, Defendant did not take any action to stop its infringement.

52. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 10 of the '147 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including components for encoding a video by obtaining an optimal sequence of quantized coefficients for a block of transform residuals from the video (excluding any products licensed under the '147 Patent). For example, Asus makes, uses, tests, operates, sells, licenses, offers for sale, and/or imports electronic devices such as the ASUS Vivobook Pro 16X OLED Laptop with a NVIDIA® GeForce® RTX™ 4060 GPU that encodes a video by obtaining an optimal sequence of quantized coefficients for a block of transform residuals from the video. An exemplary claim chart concerning one way in which Defendant infringes claim 10 of the '147 Patent is attached as Exhibit 8.

53. Defendant also indirectly infringed, and continues to indirectly infringe, the '147 Patent under 35 U.S.C. § 271(b) and (c).

54. Defendant knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 10 of the '147 Patent (such as customers in this District and

throughout the United States) by, for example, advertising to customers and encouraging them to use Asus devices that encode a video by obtaining an optimal sequence of quantized coefficients for a block of transform residuals from the video.  *See* Exhibit 8.

55. Defendant contributes to the direct infringement of at least claim 10 of the '147 Patent under 35 U.S.C. § 271(c), and continues to do so, by supplying, with knowledge of the '147 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendant has provided, owned, operated, sold, offered to sell, leased, licensed, used, and/or imported, and continues to do so, various hardware and software for encoding a video by obtaining an optimal sequence of quantized coefficients for a block of transform residuals from the video (such as that shown in Exhibit 8) that are not a staple article of commerce and are incapable of substantial noninfringing use.

56. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## FOURTH CLAIM

**(Infringement of the '066 Patent)**

57.  Malikie re-alleges and incorporates herein by reference paragraphs 1-56 of its Complaint.

58. The '066 Patent is generally directed to configuring cable lines to provide data and power.

59. Defendant has been on notice of the '066 Patent and a specific factual basis for its infringement of the '066 Patent since at least the date of the present Complaint.

60. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 1 of the '066 Patent, by making, using, testing, selling, offering for sale, and/or importing devices that can supply and/or receive power through the USB-C standard (excluding any products licensed under the '066 Patent). An exemplary claim chart concerning one way in which Asus infringes claim 1 of the '066 Patent is attached as Exhibit 9.

61. Defendant also indirectly infringes the '066 Patent under 35 U.S.C. § 271(b) and (c).

62. Defendant knowingly and intentionally actively aides, abets, and induces others to directly infringe at least claim 1 of the '066 Patent (such as customers in this District and throughout the United States) by, for example, making, using, testing, selling, offering for sale, and/or importing devices that can supply and/or receive power through, and/or chargers, docks, and cables that implement, the USB-C standard (excluding any products licensed under the '066 Patent) and advertising to customers and encouraging them to use Asus devices that enable use of cable lines to provide data and power. *See* Exhibit 9.

63. Defendant contributes to the direct infringement of at least claim 1 of the '066 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '066 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendant provides, owns, operates, sells, offers to sell, leases, licenses, uses, and/or imports various hardware and software that for example, enable use of cable lines to provide data and power, including devices that can supply and/or receive power through, and/or chargers, docks, and cables that implement, the USB-C standard and that can receive power through the USB-C standard (excluding any products licensed under

the '066 Patent) (such as that shown in Exhibit 9) that are not a staple article of commerce and are incapable of substantial noninfringing use.

64. Defendant's infringement is willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## DEMAND FOR JURY TRIAL

65. Pursuant to Federal Rule of Civil Procedure 38(b), Malikie hereby demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Malikie prays for judgment against Asus as follows:

A. That Asus has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the applicable Asserted Patents;

B. That Asus's infringement of one or more of the applicable Asserted Patents has been willful;

C. That Asus pay Malikie damages adequate to compensate Malikie for Asus's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That Asus pay prejudgment and post-judgment interest on the damages assessed;

E. That Asus pay Malikie enhanced damages pursuant to 35 U.S.C. § 284;

F. That Asus be enjoined from infringing the applicable Asserted Patents, or if its infringement is not enjoined, that Asus be ordered to pay ongoing royalties to Malikie for any post-judgment infringement of the applicable Asserted Patents;

G. That this is an exceptional case under 35 U.S.C. § 285; and that Asus pay Malikie's attorneys' fees and costs in this action; and

H. That Malikie be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

Dated: March 15, 2024                           Respectfully submitted,

*/s/ Khue Hoang by permission Claire Henry*
Khue Hoang – LEAD ATTORNEY
Michael Matulewicz-Crowley
**Reichman Jorgensen Lehman & Feldberg LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
mmatulewicz-crowley@reichmanjorgensen.com

Matthew G. Berkowitz
Patrick Colsher
Yue (Joy) Wang
Aaron Morris
**Reichman Jorgensen Lehman & Feldberg LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
ywang@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Naveed Hasan
**Reichman Jorgensen Lehman & Feldberg LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
nhasan@reichmanjorgensen.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff Malikie Innovations Ltd.*