# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>Defendant. | Case No. 2:24-cv-00178-JRG<br><br>**Jury Trial Demanded** |

**DEFENDANT ASUSTEK COMPUTER INC.'S MOTION TO DISMISS PLAINTIFFS MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATION LTD.'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS ..................................................................................................1

III. LEGAL STANDARD ..........................................................................................................2

    A. Improper Venue Under Fed. R. Civ. P. 12(b)(3) ............................................................2

    B. Federal Rule of Civil Procedure 4(k)(2) ........................................................................2

IV. ARGUMENT .......................................................................................................................3

    A. The FAC Should Be Dismissed Or Transferred Because Venue Is Improper In This District. ...................................................................................................................................3

        1. ASUSTeK Does Not Reside In This District. ............................................................3

        2. ASUSTeK Does Not Have A Regular and Established Place of Business in This District. ...................................................................................................................................4

V. CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) ................ 2

*Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989) ...................... 5

*In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ................................................................. 2

*In Re Google LLC*, 2018 WL 5536478, at *4 (Fed. Cir. Oct. 29, 2018) ......................................... 4

*In re Volkswagen Group of Am., Inc. (Volkswagen IV)*, 28 F.4th 1203, 1208–14 (Fed. Cir. 2022) ................................................................................................................................................ 4

*Olberding v. Illinois Cent R.R.*, 346 U.S. 338, 340 (1953) ............................................................. 5

*Sinox Co. V. YiFend Mfg. Co.*, 2023 WL 2769440, at *2 (W.D. Tex) .............................................. 2

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1517 (2017). ..................... 2

*U.S. ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Cas. Co*, 573 F.2nd 245. ......................... 5

*Williams v. Licari*, 2023 WL 6048774, at *7 (E.D. Tex.) ............................................................... 2

**Statutes**

28 U.S.C. § 1400(b) .......................................................................................................................... 2
28 U.S.C. § 1406(a) .......................................................................................................................... 1

## I. INTRODUCTION

Defendant ASUSTeK Computer Inc. ("ASUSTeK") hereby moves to dismiss the First Amended Complaint ("FAC") in its entirety on the grounds that the Eastern District of Texas is not the proper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

## II. STATEMENT OF FACTS

Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Malikie") allege in the FAC that ASUSTeK infringes four patents by "making, using, testing, selling, leasing, offering for sale, and/or importing" certain electronic devices and accessories. FAC at ¶¶ 21, 25-28, 36, 39, 44, 52, 60.

ASUSTeK is a Taiwanese corporation with its principal place of business in Taipei, Taiwan. FAC at ¶ 3. ASUSTeK has no physical presence in Texas and the FAC does not suggest otherwise. *Id*. ASUSTeK is not involved in importing, making, selling, or offering to sell any accused products in the United States.

ASUS Computer International ("ACI") is a California corporation with its headquarters and principal place of business in Fremont, California. ACI is solely responsible for importing, selling, and offering to sell the accused products in the United States. ACI is the importer of record for the accused products and distributes the accused products to ACI's customers in the United States. ACI has no physical presence in Texas and no employees in Texas. ACI is subject to personal jurisdiction in California, where it is headquartered and incorporated, and venue is proper for ACI in the Northern District of California.

**III. LEGAL STANDARD**

  **A. Improper Venue Under Fed. R. Civ. P. 12(b)(3)**

If venue is improper, a defendant may move to dismiss the case or transfer it to a district in which the case could have been originally brought. Fed. R. Civ. P. 12(b)(3); 28 U.S.C § 1406(a). In ruling on a motion to dismiss for improper venue, a court must accept all well-pleaded factual allegations in the complaint as true. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). Venue in a patent case is exclusively controlled by 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1517 (2017). Section 1400(b) provides that a patent infringement action may be brought in the judicial district either where the defendant "resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Domestic corporations reside only in their state of incorporation. *TC Heartland*, 137 S. Ct. at 1521. A defendant has a regular and established place of business in a particular district when three requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

  **B. Federal Rule of Civil Procedure 4(k)(2)**

Rule 4(k)(2) establishes personal jurisdiction for a federal claim over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and the exercise of jurisdiction comports with due process. Fed. R. Civ. P. 4(k)(2); *see also Williams v. Licari*, 2023 WL 6048774, at *7 (E.D. Tex.) ("The due process required in federal cases governed by Rule 4(k)(2) is measured with reference to the Fifth Amendment..."). Rule 4(k)(2) serves as a federal long-arm statute. *Sinox Co. V. YiFend Mfg. Co.*, 2023 WL 2769440, at *2 (W.D. Tex).

## IV. ARGUMENT

### A. The FAC Should Be Dismissed Or Transferred Because Venue Is Improper In This District.

The FAC asserts that ASUSTeK and its affiliates "operate as a unitary business venture" and that they share "the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines," and are "part of the same corporate structure and distribution chain for making, importing, offering to sell, selling, and/or using of the accused devices in the United States." FAC at ¶¶ 4-7. The FAC identifies ACI as the ASUSTeK subsidiary operating in the United States as part of the "unitary business venture" that allegedly shares the "same . . . facilities" as ASUSTeK. *Id*. at ¶ 4-7. ACI is headquartered and has a principal place of business in Fremont, CA. Accepting Plaintiff's allegations in the FAC as true that ASUSTeK and ACI operate as a "unitary business venture" that share the same facilities, defendant ASUSTeK is alleged in the FAC to have a place of business in Fremont, CA.[1]

#### 1. ASUSTeK Does Not Reside In This District.

Domestic corporations "reside" only in their state of incorporation. *TC Heartland*, 137 S.Ct. at 1521. ASUSTeK's subsidiary ACI, that identified in the FAC as a "unitary business venture" with Defendant ASUSTeK, is incorporated in California. ASUSTeK does not reside in the Eastern District of Texas for venue purposes and the FAC does not allege otherwise.

---

[1] ASUSTeK reserves the right to challenge all of the factual allegations in the FAC and does not concede that it operates as a unitary business venture with ACI or with any other subsidiary, or that ASUSTeK has any operations in the United States at all. However, the standard on a Rule 12 motion for improper venue requires the Court to accept Plaintiffs well-pleaded allegations as true.

### 2. ASUSTeK Does Not Have A Regular and Established Place of Business in This District.

The Complaint fails to show ASUSTeK has a "regular and established place of business" in this District to establish proper venue under 28 U.S.C. § 1400(b). Proper venue under Section 1400(b) requires a regular and established place of business in the district that is owned by the defendant. *In re Cray Inc.*, 871 F.3d at 1360. Malikie does not – and cannot – satisfy these requirements.

ASUSTeK has no "physical place" located in this District, and the FAC does not suggest otherwise. ASUSTeK does not own or lease any real property in Texas, nor does it have "a building or part of a building set aside for any purpose or quarters of any kind from which business is conducted" in Texas. *In re Cray Inc.*, 871 F.3d at 1362. ASUSTeK's subsidiary, ACI operates a website, but a "physical place" under § 1400(b) cannot "refer merely to a virtual space" or "electronic communications." *Id*. As the FAC admits, ASUSTeK's only connection to Texas is based on its "connections and relationship" with "retailers and digital distribution platforms" that do not satisfy the requirements of § 1400(b). FAC at ¶32.

The FAC asserts that venue is proper in this District because "[ASUSTeK] knows that Texas is a termination point" for goods sold on digital distribution platforms and by other retailers. FAC at ¶32. However, online sales do not equate to a regular and established place of business in a district because "there must be **a physical place** under § 1400(b)." *In Re Google LLC*, 2018 WL 5536478, at *4 (Fed. Cir. Oct. 29, 2018) (emphasis added). Neither ASUSTeK nor its subsidiary, ACI, have a physical place in Texas, and the FAC does not suggest otherwise.

The FAC also attempts to impute sales of the accused products by non-affiliated retailers to ASUSTeK. FAC at ¶32. But independently owned retailers of accused products cannot serve as

regular and established places of business of ASUSTeK under § 1400(b). *In re Volkswagen Group of Am., Inc. (Volkswagen IV)*, 28 F.4th 1203, 1208–14 (Fed. Cir. 2022).

The FAC fails to plausibly any facts to suggest that ASUSTeK or ACI have a "regular and established place of business" in this District and venue is therefore improper in this District. *In re Cray Inc* 871 F.3d at 1360.

**B. Rule 4(k)(2) Cannot Establish Personal Jurisdiction Over ASUSTeK.**

The FAC states that "venue is proper in this District over Defendant because it is a foreign corporation." FAC at ¶32. Presumably, Plaintiff seeks to rely on Rule 4(k)(2), which is applicable only where a defendant is not "subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(a). But accepting the allegations in the FAC that ASUSTeK and ACI operate as a "unitary business venture," ASUSTeK is alleged to have a place of business in Fremont, CA, and is therefore subject to personal jurisdiction in California according to Plaintiff's allegations. FAC at ¶¶ 4-7. Personal jurisdiction over ASUSTeK in the Northern District of California therefore precludes any application of Rule 4(k)(2) to establish personal jurisdiction over ASUSTeK in this District.

**C. This Case Should Be Transferred, Or Alternatively Dismissed, Before Any Further Substantive Proceedings.**

To avoid any waste of judicial resources or prejudice to the parties, the Court should rule on this motion and dismiss or transfer this case to the Northern District of California prior to any further substantive proceedings. In *Olberding v. Illinois Cent R.R.*, 346 U.S. 338, 340 (1953), the Supreme Court reversed a trial court's judgment as a result of improper venue. The Fifth Circuit, similarly, has held that a judgment on the merits must be reversed or vacated, and cases remanded

for transfer if venue is improper. *See, e.g., Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989); *U.S. ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Cas. Co*.

## V. CONCLUSION

For the foregoing reasons, ASUSTeK respectfully requests that the Court dismiss this action or, in the alternative, transfer this action to the Northern District of California.

Dated: September 13, 2024

Respectfully submitted,

*/s/ Chris R. Schmidt*
Chris R. Schmidt
KS Bar No. 27833
chris.schmidt@eriseip.com
Eric A. Buresh
KS Bar No. 19895
eric.buresh@eriseip.com
Michelle Marriott
KS Bar No. 21784
michelle.marriott@eriseip.com
**ERISE IP, P.A.**
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: 913-777-5600

***Counsel for ASUSTeK Computer, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 13, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and by email.

*/s/ Chris R. Schmidt*
Chris R. Schmidt